UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62231-CV-WILLIAMS
MAGISTRATE JUDGE REID

DWAYNE JORDAN,

      Petitioner,

v.

MARK S. INCH,
SECY' FLA. DEP'T OF CORR.

      Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE

### I.    Introduction

This matter is before the Court upon an Amended Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. [ECF No. 10]. P*ro se* Petitioner, Dwayne Jordan, is a convicted state felon challenging the constitutionality of his conviction and sentence following a guilty plea in the Circuit Court for the Seventeenth Judicial Circuit, Broward County, Case No. 15-15762-CF-10A.

This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Admin. Order 2019-2; and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts. [ECF No. 13].

The Court reviewed the Amended Petition [ECF No. 10] together with the State's Response and attached exhibits [ECF Nos. 16, 17, 18] including the transcripts and the online appellate dockets of the Fourth District Court of Appeals ("Fourth DCA") for Case No. 4D18-387.

## II.    Claim

Construing the Amended Petition liberally as afforded to *pro se* litigants pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972), Petitioner raises the following ineffective assistance of counsel claims:

1.  Counsel failed to file a motion for a competency hearing after receiving information that Petitioner had a history of mental illness. [ECF No. 10 at 6]. Petitioner was not mentally competent to proceed, did not understand the charges brought against him, and believed counsel would provide for competency testing. [*Id.* at 17-18].

2.  Counsel failed or refused to provide discovery materials to Petitioner before he entered a plea. [*Id.* at 8, 18-19].

3.  Counsel misadvised Petitioner regarding a guilty plea because she failed to thoroughly investigate the case and coerced him into pleading guilty. [*Id.* at 9]. He claims had counsel investigated the case she would have learned that Petitioner had a history of mental illness. [*Id.* at 19-20].

For the reasons stated below, the Amended Petition [ECF No. 10] should be **DENIED** on the merits.

## III.    Procedural History

### A.  *Indictment, Guilty Plea, Sentencing, and Direct Appeal*

Petitioner was charged in a five-count Information with (Count 1) armed carjacking and (Count 2) aggravated battery with a deadly weapon, (Counts 3 and 4) aggravated assault with a firearm, and (Count 5) aggravated fleeing or eluding. [ECF No. 17-1 at 8].

Petitioner, represented by counsel, entered into a written plea agreement as to all counts, with the understanding maximum penalty was life plus thirty years. [*Id.* at 12, ¶ 2]. He understood the mandatory minimum penalties were: (Count 1) ten years, (Count 3) twenty years, and (Count 4) three years, all to run concurrently. [*Id.* at ¶ 3].

At the plea hearing, counsel stated that she had explained to Petitioner the rationale for the advice to enter into a plea agreement, that she spent "a long time discussing his case with him, the facts of the case, . . . the various possible outcomes" and he had agreed to her recommendation to enter a plea. [ECF No. 18-1 at 3]. During the state court's colloquy, Petitioner confirmed he understood an open plea meant that he could be sentenced to the maximum sentence, which was life plus thirty years. [*Id*. at 4-5]. Petitioner confirmed his understanding that an open plea would waive certain constitutional rights including the right to trial, a jury, the right to cross-examine and call witnesses, the presumption of innocence, and other rights of the accused. [*Id*. at 5-6]. Petitioner also understood that there was no agreement between his counsel and the State. [*Id*. at 7]. Petitioner stated that he had enough time to discuss his case with counsel, did not need to tell her anything further, and was satisfied with her advice and counsel. [*Id*. at 9-10]. Petitioner confirmed no one had made any promises to him. [*Id*.].

The court explained that if Petitioner entered a guilty plea his counsel would no longer investigate or research his case:

> If she would have more time, she may be able to find something that would allow her to file a Motion to Suppress or a Motion to Dismiss, or some other Motion which would aide your defenses here today.
>
> Do you understand that had she been able to do that, that she can present a Motion to Dismiss in your case, and had I granted that Motion, that it is possible that the State of Florida would not have had enough evidence to go forward with the prosecution of your case; or . . . the State may have had to dismiss the case?

*Id*. at 11. Petitioner asserted that he understood. [*Id*.]. Petitioner pled "no contest and confirmed he initialed and signed the written plea agreement and maintained he told counsel everything he wanted to, was satisfied with her representation, and had sufficient time to discuss his case with

counsel. [*Id*. at 13]. The state court determined Petitioner's plea was entered freely, voluntarily, and without coercion, and accepted the plea. [*Id*.].

The state court proceeded with the motion for downward departure. [*Id*. at 13-14]. Counsel argued that Petitioner "had a long-documented history of mental illness," namely "ADHD," "suffered from physical abuse," and "schizo-affected[1] disorder, depressive type, and poly substance abuse in remission." [*Id*. at 14]. Petitioner's mother was present and asked the court for mercy for her son. [*Id*. at 15-16]. The court gave Petitioner the opportunity to speak on his own behalf. [*Id*. at 16]. Petitioner apologized for his actions. [*Id*.].

On **August 19, 2016**, the court adjudicated Petitioner guilty and sentenced him to ten years for Count 1, ten years for Count 2, twenty years for Count 3, and three years for Count 4, with credit for time served. [ECF Nos/ 17-1 at 12-30; 18-1 at 17-18]. For Count 5, Petitioner was sentenced to time served. [ECF No. 18-1 at 18]. All sentences were to be served concurrently. [*Id*.].

Petitioner did not file a direct appeal; therefore, his conviction became final thirty days later, on **September 18, 2016**, when the time to file a direct appeal expired.[2] Accordingly, Petitioner had one year, until **September 18, 2017**, absent any tolling motions, to timely file a federal habeas petition.

---

[1] The spelling is likely a scrivener's error within the transcript. The correct term is "schizoaffective disorder." *See* Mayo Clinic at https://www.mayoclinic.org/diseases-conditions/schizoaffective-disorder/symptoms-causes/syc-20354504. Access date: 3/5/2020.

[2] In Florida, a defendant has thirty days to appeal his sentence. *See* Fla. R. App. P. 9.140(b)(3).

### B. *Post-Conviction Proceedings*

On **February 17, 2017**, Petitioner filed a motion for post-conviction relief, pursuant to Fla. R. Crim. P. 3.850, raising four claims which were ultimately denied and also tolled the limitations period. [ECF No. 17-1 at 32-46, 49-53, 65, 67]. *Jordan v. State of Florida*, 248 So. 3d 1154 (Fla. 4th DCA 2018). The Fourth DCA issued the mandate on **August 17, 2018**. [*Id*. at 81].

On **September 14, 2018**, Petitioner timely filed the instant federal habeas petition. The State filed its Response; and Petitioner filed his Reply. This Report follows.

### IV.    Threshold Issues – Timeliness, Exhaustion, and Procedural Bar.

### A. *Timeliness*

The State's calculation of the federal statute of limitations is correct. [ECF No. 16 at 6]. Parties correctly agree the instant § 2254 petition is timely filed.

### B. *Exhaustion and Procedural Bar as to Claim 1*

The State asserts that Petitioner's claims are exhausted; however, it contends that the factual substance of Claim 1 is not exhausted. [ECF No. 16 at 8]. Therefore, this claim should be procedurally barred. According to the State, Petitioner (in his Rule 3.850 motion) only claimed that counsel should have filed a competency motion because he had been in foster care since he was a child and was under the influence of drugs at the time of his arrest. [*Id*.]. Here, he claims that the competency hearing was necessary because he has a long history of mental illness. [*Id*.]. Petitioner reargues his claim within his Reply but does not deny the claim is unexhausted. [ECF No. 20].

It is axiomatic that issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted prior to their consideration on the merits. *See Anderson v. Harless*, 459 U.S. 4 (1982); *see also Hutchings v. Wainwright*, 715 F.2d 512 (11th

Cir. 1983). Exhaustion requires that a claim be pursued in the state courts through the appellate process. *See Leonard v. Wainright*, 601 F.2d 807 (5th Cir. 1979). Both the factual substance of a claim and the federal constitutional issue itself must have been expressly presented to the state courts to achieve exhaustion for purposes of federal habeas corpus review. *See Baldwin v. Reese*, 541 U.S. 27 (2004).

"It is not sufficient merely that the federal habeas petitioner has been through the state courts . . . nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317 (11th Cir. 2004) (citing *Picard v. Connor*, 404 U.S. at 275-76; *Anderson*, 459 U.S. at 6). A petitioner is required to present his claims to the state courts such that the courts have the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." *Picard*, 404 U.S. at 275-77. To satisfy this requirement, "[a] petitioner must alert state courts to any federal claims to allow the state courts an opportunity to review and correct the claimed violations of his federal rights." *Jimenez v. Fla. Dep't. of Corr.*, 481 F.3d 1337, 1342 (11th Cir. 2007) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

"A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin*, 541 U.S. at 32. To circumvent the exhaustion requirement, Petitioner must establish that there is an "absence of available state corrective process" or that "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B); *see also Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

Petitioner makes no such showing here. Failure to exhaust a claim can result in a procedural default bar in federal court if it is obvious that the unexhausted claim would now be procedurally barred in state court. *See Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). The federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Id*. at 1303. However, a petitioner can avoid the application of procedural default by establishing objective cause for failing to properly raise the claim in state court and actual prejudice from the alleged constitutional violation. *Spencer v. Sec'y, Dep't of Corr.*, 609 F.3d 1170, 1179-80 (11th Cir. 2010).

To show cause, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999); *see also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate there is a reasonable probability the outcome of the proceeding would have been different. *See Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

Here, Petitioner proceeded *pro se* in his collateral proceeding. Interestingly, some of the factual details supporting this claim in the Rule 3.850 motion were redacted.[3] [ECF No. 17-1 at 34]. The fact that Petitioner was in foster care and was under the influence of drugs and alcohol at the time of his arrest was "*further*" reason to support a competency examination. [*Id*.] (emphasis added). Also, the factual details "to prove same" are redacted. [*Id*. at 36]. Petitioner did argue that he did not have the ability to rationally communicate with counsel or make a decision regarding a guilty plea. [*Id*. at 38]. Petitioner argued that medical experts were necessary and that he was "incompetent" albeit raised as Ground Two in the Rule 3.850 motion, also significantly redacted.

---

[3] The Undersigned also reviewed the document by way of the online trial docket finding the same redactions.

[*Id*. at 38]. Petitioner claimed he "told his attorney that he had" something (facts redacted) for "his entire life," that he was transferred to various foster homes followed by another three lines of redacted facts. [*Id*. at 39]. Petitioner argued "counsel failed to move for an immediate psychiatric evaluation." [*Id*.]. Logically, it does not make sense that Petitioner would argue that an "immediate psychiatric evaluation" was warranted for a condition he had "his entire life" if he was relying solely on his history of being in foster care or being under the influence at the time of the crime.

Despite the State's assertions, it is not clear that the factual substance of Claim 1 was not fairly presented to the state court due to the redactions in the record. Because procedural default of an unexhausted claim is an affirmative defense that Respondent must prove, *see Gray v. Netherland*, 518 U.S. 152, 165 (1996), the Court should review **Claim 1** on the merits. Nevertheless, **Claim 1** should be DENIED on the merits for the reasons stated in the Discussion section below.

## V.       Standard of Review in § 2254 Cases

This Court's review of Petitioner's claims is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996). *See Abdul–Kabir v. Quarterman*, 530 U.S. 233, 246 (2007); *see also Davis v. Jones*, 506 F.3d 1325, 1331, n.9. (11th Cir. 2007). Thus, the "AEDPA limits the scope of federal habeas review of state court judgments." *Pittman v. Sec'y, Fla. Dep't of Corr.*, 871 F.3d 1231, 1243 (11th Cir. 2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" *Ledford v. Warden, Ga. Diagnostic & Classification Prison*, 818 F.3d 600, 642 (11th Cir. 2016) (quoting *Greene v. Fisher*, 565 U.S. 34, 38 (2011)) (quotation marks omitted)).

Therefore, a federal habeas court may grant habeas relief from a state court judgment only

if the state court's decision on the merits of the issue was (1) contrary to, or an unreasonable

application of, clearly established federal law as determined by the Supreme Court of the United

States; or (2) was based on an unreasonable determination of the facts in light of the evidence

presented in the state court proceeding. 28 U.S.C. § 2254(d). The Eleventh Circuit has made clear

that:

> [a] state court's decision rises to the level of an unreasonable application of
> federal law only where the ruling is 'objectively unreasonable, not merely
> wrong; even clear error will not suffice.' *Virginia v. LeBlanc*, 582 U.S. ___,
> ___, 137 S. Ct. 1726, 1728, 198 L.Ed.2d 186 (2017) (*per curiam*) (quoting
> *Woods v. Donald*, 575 U.S. ___, ___, 135 S. Ct. 1372, 1376, 191 L.Ed.2d
> 464 (2015) (*per curiam*)). This standard is "meant to be" a difficult one to
> meet. *Harrington v. Richter*, 562 U.S. 86, 102, 131 S. Ct. 770, 786, 178
> L.Ed.2d 624 (2011).

*Rimmer v. Sec'y, Fla. Dep't of Corr.*, 876 F.3d 1039, 1053 (11th Cir. 2017).

Federal courts "must also presume that 'a determination of a factual issue made by a State

court [is] correct,' and the petitioner 'ha[s] the burden of rebutting the presumption of correctness

by clear and convincing evidence.'" *Morrow v. Warden*, 886 F.3d 1138, 1147 (11th Cir. 2018)

(quoting 28 U.S.C. § 2254(e)(1)). "This presumption of correctness applies equally to factual

determinations made by the state trial and appellate courts." *Pope v. Sec'y for Dep't of Corr.*, 680

F.3d 1271, 1284 (11th Cir. 2012) (quoting *Bui v. Haley*, 321 F.3d 1304, 1312 (11th Cir. 2003)).

More recently, the Supreme Court of the United States in *Wilson v. Sellers*, 138 S. Ct. 1188,

1194 (2018), concluded there is a "look through" presumption in federal habeas corpus law, as

silence implies consent. *See also Kernan v. Hinojosa*, 136 S. Ct. 1603, 1605-1606 (2016) (*per

curiam*) (adopting the presumption that silence implies consent but refusing to impose an

irrebuttable presumption). Where the state court's adjudication on the merits of a claim is

unaccompanied by an explanation, the Supreme Court instructs that:

> *[T]he federal court should 'look through' the unexplained decision to the*

9

> *last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.*

*Wilson*, 138 S. Ct. at 1192. In other words, if the last state court to decide a prisoner's federal claim provides an explanation for its merits-based decision in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.* at 1192. However, if the relevant state-court decision on the merits is not accompanied by a reasoned opinion, because it was summarily affirmed or denied, a federal court "should 'look through' the unexplained decision to the last state-court decision that does provide a relevant rationale." *Id*.

Moreover, the Supreme Court of the United States has repeatedly admonished that "[t]he petitioner carries the burden of proof" and that the § 2254(d)(1) standard is a high hurdle to overcome. *See Bobby v. Dixon*, 565 U.S. 23, 24 (2011) (quoting *Richter*, 562 U.S. at 102-103 (quotation marks omitted)); *see also Cullen v. Pinholster*, 563 U.S. 170, 180 (2011) (acknowledging that § 2254(d) places a difficult burden on a petitioner); *Rimmer*, 876 F.3d at 1053 (opining that to reach the level of an unreasonable application of federal law, the ruling must be objectively unreasonable, not merely wrong or even clear error).

### VI. Applicable Law

#### A.  Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both (1) that counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). If the movant cannot meet one of *Strickland's* prongs, the court does not need to

address the other prong. *Id.* at 697 (explaining a court need not address both prongs if the defendant makes an insufficient showing on one of the prongs).

The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding,' including when he enters a guilty plea." *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (quoting *Lafler v. Cooper*, 566 U.S. 156, 165 (2012); *Hill v. Lockhar*t, 474 U.S. 52, 58 (1985)). In the context of guilty pleas, the prejudice prong requires the defendant to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59*; see also Lee*, 137 S. Ct. at 1965.

However, "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). "Solemn declarations in open court carry a strong presumption of verity." *Id.*; *see also United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) (stating that there is a strong presumption that the statements that a defendant made during a plea colloquy were true); *Lee v. Sec'y, Dep't of Corr.*, No. 17-15503-A, 2018 U.S. App. Lexis 35143 (11th Cir. Dec. 13, 2018).

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *see also Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000). With regard to the prejudice requirement, a petitioner must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for

counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *see also Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A petitioner, therefore, must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).

A habeas petitioner bears the burden of proof in habeas proceedings. *See Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008). Thus, by requiring habeas litigants to bear the burden of showing constitutional error, criminal proceedings are treated as "valid until proven otherwise." *Occhicone v. Crosby*, 455 F.3d 1306, 1310 (11th Cir. 2006).

Federal courts regularly deny ineffective assistance of counsel claims on the basis that the allegations are too general, too conclusory, or too vague to warrant relief. *See, e.g., Price v. Allen*, 679 F.3d 1315, 1325 (11th Cir. 2012) (reaching this conclusion in a § 2254 context). Denying on this basis is appropriate because, unlike the "notice pleading" standard authorized under Fed. R. Civ. P. 8, a "heightened pleading" requirement exists in § 2254 and § 2255 proceedings. *See Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011).

To meet this heightened pleading standard, of course, the habeas petition or motion to vacate must be specific on factual matters. *See id*. Bare, conclusory, allegations of ineffective assistance do not satisfy *Strickland. See Boyd v. Comm'r, Ala. Dep't of Corr.,* 697 F.3d 1320 (11th Cir. 2012); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.").

12

## VII.    Discussion

As narrated above, by signing the plea agreement and by his representations at his hearing under oath, Petitioner confirmed that he had been given sufficient time to consult with counsel, was advised of the charges, the facts underlying the charges, the trial rights he was waiving, and the range of potential punishments. Petitioner further confirmed that he was pleading freely and had not been threatened, coerced or intimidated in any way to make him plead guilty. Petitioner acknowledged that he was fully satisfied with counsel's representation. Based on the record, the trial court found that Petitioner made a knowing and intelligent waiver of his rights, was satisfied with his counsel, and entered a plea in his best interest.

### A.   Claim 1 – Counsel is Not Ineffective for Failing to Request a Competency Hearing

In **Claim 1**, Petitioner claims that counsel failed to file a motion for a competency hearing after receiving information that Petitioner had a history of mental illness. [ECF No. 10 at 6]. Petitioner was not mentally competent to proceed, did not understand the charges brought against him, and believed counsel would get him tested. [*Id*. at 17-18]. The State asserts that the state court decisions denying this claim warrant deference and that there was no indication Petitioner was incompetent to proceed. [ECF No. 15 at 15-16]. Petitioner's claim fails

It is well-settled that "the due process clause prohibits the trial or guilty plea conviction of a person who is mentally incompetent." *Sheley v. Singletary*, 955 F.2d 1434, 1437 (11th Cir. 1992); *see also United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005) (a defendant must be competent at all stages of trial including sentencing). A criminal defendant is competent if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding -- and whether he has a rational as well as factual understanding of the proceedings

13

against him.'" *Drope v. Missouri*, 420 U.S. 162 (1975) (quoting *Dusky v. United States*, 362 U.S. 402 (1960)).

"Not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." *Battle v. United States*, 419 F.3d 1292, 1299 (11th Cir. 2005); *see also Medina v. Singletary*, 59 F.3d 1095 (11th Cir. 1995). Moreover, absent evidence of an inability to assist counsel, the defendant's "low intelligence, mental deficiency, bizarre, volatile, or irrational behavior, or the use of anti-psychotic drugs is not sufficient to show incompetence." *Pardo v. Sec'y, Fla. Dept. of Corr.*, 587 F.3d 1093, 1101 (11th Cir. 2009).

"Courts in habeas corpus proceedings should not consider claims of mental incompetence to stand trial where the facts are not sufficient to positively, unequivocally and clearly generate a real, substantial and legitimate doubt as to the mental capacity of the petitioner to meaningfully participate and cooperate with counsel during a criminal trial." *Bruce v. Estelle*, 483 F.2d 1031, 1043 (5th Cir. 1973); *see also Zapata v. Estelle*, 588 F.2d 1017, 1021-22 (5th Cir. 1979). The standard of proof is high. Defense counsel's "failure to raise the competency issue is persuasive evidence that [a movant's] mental competence was not in doubt and therefore he is not entitled to an evidentiary hearing." *Adams v. Wainwright*, 764 F.2d 1356, 1360 (11th Cir. 1985); *see also Reese v. Wainwright*, 600 F.2d 1085, 1092 (5th Cir. 1979).

After careful review, the transcripts of the plea/sentencing hearing affirmatively demonstrate Petitioner had the present ability to consult with his counsel with a reasonable degree of rational understanding and had a rational, as well as factual understanding of the proceedings against him. There is no evidence from Petitioner during his plea/sentencing hearing that would indicate Petitioner was incompetent at the time he entered a guilty plea. Furthermore, in his written

14

plea, Petitioner attested to the fact that he was "not under the influence of any alcohol or drugs at [the] time and [was] not physically or mentally ill or impaired" and he confirmed the same at the hearing. [ECF Nos. 17-1 at 13, ¶ 23; 18-1 at 13]. He also stated that no one made him any promises in exchange for his plea. [ECF No. 18-1 at 9-10]. He is bound by his sworn assertions.

Counsel is not deficient for failing to seek a competency examination given Petitioner's rational and factual understanding of the proceedings and his statements made under oath. Petitioner cannot satisfy the deficiency prong of *Strickland*. The State court denied this claim in the Rule 3.850 proceeding for the reasons in the State's Response, which this Report mirrors. The denial of post-conviction relief was affirmed by the Fourth DCA. The state courts' resolution of this claim is not contrary to nor an unreasonable application of federal law.

The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal citations omitted). Double deference is due. Accordingly, **Claim 1** should be DENIED.

### B. Claim 2 – Counsel is Not Ineffective for Failing to Provide Petitioner with Discovery Materials

In **Claim 2**, Petitioner claims that counsel failed or refused to provide discovery materials to Petitioner before he entered a plea. [ECF No. 10 at 8, 18-19]. The State asserts this claim is contrary to the record, in particular, the statements Petitioner made under oath at his plea/sentencing hearing. [ECF No. 16 at 18]. In addition, the State asserts that the state courts' resolution of these claims warrants deference because they were not contrary to nor an unreasonable application of federal law. [*Id*. at 18]. Petitioner's claim is bare and conclusory and is otherwise controverted by the record.

Here, Petitioner fails to indicate any facts detailing any communication between he and counsel, nor when the request was made or what information he requested. Petitioner does not

indicate what, if any, specific discovery information his counsel withheld from him and what the provision of such information would have accomplished. Given that Petitioner fails to provide factual support for his claims and the benefits he received from the plea agreement, this Court should find that Petitioner fails to demonstrate that he would have proceeded to trial had counsel provided the discovery materials to him. This is particularly so in light of the maximum penalties (life plus thirty years) compared with the actual sentence he received, which were the mandatory minimum sentences for each count with credit for time served.

Florida law, like the federal law, is clear; defendants:

> are bound by their sworn answers during the colloquy. They cannot disregard the oath and later claim it was done at counsel's direction. Allowing this type of claim would undermine the purposes behind the oath to tell the truth, the plea forms, and the plea colloquy's determination of voluntariness. *See* Fla. R. Crim. P. 3.172(c).

*Iacono v. State of Florida*, 930 So. 2d 829, 831-832 (Fla. 4th DCA 2006). Petitioner stated under oath that he had enough time to discuss his case, did not need to tell counsel anything further, and was satisfied with her representation. [ECF No. 18-1 at 9-10]. Finally, the court advised Petitioner that if he pled guilty, counsel would not investigate or research his case further to aide his defense; and he confirmed his understanding. [*Id*. at 11].

Petitioner is bound by his sworn assertions. His claim is bare and conclusory and contradictory to his sworn assertions. He cannot satisfy either prong of *Strickland*. The state courts denied this claim for the same reason, which was affirmed on appeal. The state courts' decisions were not contrary to or an unreasonable application of established federal law. Accordingly, because double deference is due, **Claim 2** should be DENIED.

### C.  Claim 3 – Counsel is Not Ineffective for Misadvice of a Plea Based on Her Failure to Investigate the Case

In **Claim 3**, Petitioner claims that counsel misadvised Petitioner regarding a guilty plea because she failed to thoroughly investigate the case and coerced him into pleading guilty. [*Id*. at 9]. He claims had counsel investigated the case she would have learned there were no witness to testify against him and that Petitioner had a history of mental illness. [*Id*. at 9, 19-20]. He claims that the State confirmed it had no witnesses at his hearing. [*Id*.].  Petitioner also claims that counsel told him she could get him into mental health court. [*Id*. at 20]. The State asserts that his claim is refuted by his plea agreement and his statements at his hearing, that he is bound by his sworn statements, and that the state courts' decisions on this claim are not contrary to nor an unreasonable application of federal law. [ECF No. 16 at 20-24] Petitioner's claim fails.

Again, Petitioner's claim is bare and conclusory. No statement was made by the State that there was no witness to testify in the criminal case. In fact, the opposite is true. The State told the court that it did not have any witnesses to present at the plea hearing but "had lengthy and multiple conversations with the victim in this case" who was "asking the court to do…the right thing." [ECF No. 18-1 at 17]. Moreover, Petitioner's sworn statements are contrary to his claim. He claimed he had sufficient time with counsel, did not have any further requests of her, was satisfied with her representation, denied any coercion, and knowingly and voluntarily waived his right to have counsel further investigate the case. Petitioner received the benefit of a mandatory minimum sentence rather than face life plus thirty years.

Petitioner cannot satisfy *Strickland* and is bound by his sworn assertions. The state courts rejected this claim for the same rationale. The state courts' decisions were not contrary to nor an unreasonable application of federal law. Accordingly, Claim 3 should be DENIED.

## VIII.   Evidentiary Hearing

Petitioner is also not entitled to an evidentiary hearing on the claims raised in this proceeding. Petitioner has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. *See Schriro v. Landrigan*, 550 U.S. 465, 473-75 (2007) (holding that if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). Petitioner has failed to meet his burden.

## IX.   Certificate of Appealability

A petitioner seeking to appeal a district court's final order denying his petition for writ of habeas corpus had no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253 (c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a COA only if a petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253 (c)(2).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Upon consideration of the record, this Court should deny a certificate of appealability. Reasonable jurists would not debate Petitioner's claim that his plea was invalid. Notwithstanding,

18

if Petitioner does not agree, he may bring this argument to the attention of the District Judge in objections.

## X.    Recommendations

Based upon the above, it is recommended that this § 2254 Petition be DENIED, that NO certificate of appealability issue, and that the case CLOSED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

SIGNED this 4th day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    Dwayne Jordan
       B14988
       Martin Correctional Institution
       Inmate Mail/Parcels
       1150 SW Allapattah Road
       Indiantown, FL 34956
       PRO SE

       Marc Brandon Hernandez
       Florida Office of the Attorney General
       1515 North Flagler Drive, Suite 900
       West Palm Beach, FL 33401
       (561) 837-5016
       Email: marc.hernandez@myfloridalegal.com